(No. 5196

MEMORIAL HOSPITAL OF DU PAGE COUNTY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 29, 1965.*

ERLENBORN, BAUER AND HOTTE, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

On January 14, 1963, claimant, Memorial Hospital of Du Page County, a Corporation, presented its statement to the Department of Public Aid for hospitalization services rendered one Elizabeth B. Grose. Although the Department had determined that the subject patient was eligible to receive aid under its program of Assistance to the Medically Indigent Aged, it denied the claim for services on January 13, 1964 on the basis that the claim was for services rendered prior to July 1, 1963, and that the appropriation for that biennium had lapsed.

Thereafter, on November 10, 1964, a complaint in this matter was filed in the Court of Claims. It contains a request for payment of the sum of $1,120.35, representing charges for the hospitalization services furnished said Eliz-

abeth B. Grose for the periods of December 7, 1962 to December 31, 1962, and January 1, 1963 to January 8, 1963.

A Departmental Report was filed in this matter on December 30, 1964, paragraph four of which reads as follows:

"The Department has not been given credit for $38.15 against the sum that is alleged by claimant. Under the Rules and Regulations of the Department the recipient was to pay ten per cent of her income towards the bill, which income was $54.50 a month for seven months, or a total of $381.50. Therefore, the amount to be paid by the recipient and not by the Department towards the indebtedness was $38.15. The Department admits liability to $1,082.20, and further admits this is the amount properly due claimant."

A written stipulation was entered into between claimant and respondent, by their respective attorneys, which in part is as follows:

"That claimant furnished services to one Elizabeth B. Grose, 227 South Miner Street, Bensenville, Illinois from December 7, 1962 to December 31, 1962, and from January 1, 1963 to January 8, 1963, during which time Elizabeth B. Grose was an in-patient of claimant.

"That the reasonable and equitable charges for the services so provided by claimant to the aforementioned Elizabeth B. Grose during the times aforementioned were $1,082.20.

"That the said Elizabeth B. Grose was determined by the Du Page County Department of Public Aid to be eligible to receive assistance under the program for Assistance to the Medically Indigent Aged, and, consequently, that claimant was entitled to be reimbursed in the amount aforementioned.

"That the biennial appropriation out of which these charges were payable had lapsed at the time the statements were submitted, and the funds to pay said charges were no longer available to the Du Page County Department of Public Aid."

On January 6, 1965, claimant was given leave to file its amended complaint. It amends the ad damnum clause of the original complaint, and indicates an amount of $1,082.20 due and owing claimant. This conforms to both the sum determined by the Department to be due claimant, as well as that set forth in the stipulation of facts.

This Court has repeatedly held that, where a contract

has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *Rockford Memorial Hospital, A Corporation,* vs. *State of Illinois,* Case No. 5165, opinion filed September 25, 1964; *Memorial Hospital of Du Page County, A Corporation,* vs. *State of Illinois,* Case No. 5197, opinion filed January 12, 1965. It appears that all qualifications for an award have been met in the instant case.

Claimant, Memorial Hospital of Du Page County, a Corporation, is, therefore, hereby awarded the sum of $1,082.20.